The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James Wayne HOLT, Defendant–Appellant.

No. 92CA1633.

Colorado Court of Appeals, Div. III.

Oct. 7, 1993.

Rehearing Denied Nov. 18, 1993.

Certiorari Denied May 23, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Peter B. Albani, Highlands Ranch, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, James Wayne Holt, appeals the trial court order revoking his sentence to placement in a community corrections facility. We affirm.

Defendant pled guilty to first degree criminal trespass and was sentenced to community corrections for eight years. Three months later, defendant was rejected after acceptance by the community corrections facility because of an unauthorized absence.

The probation department filed a notice of rejection and request for bench warrant in the trial court. After the defendant was located, he was transported to the district court for a hearing and resentencing. Because the community corrections facility had rejected him, the trial court revoked his sentence to community corrections and sentenced him to eight years in the department of corrections. The order gave defendant credit for the time spent in residential community corrections.

On appeal, defendant contends that the trial court erred in revoking his sentence to community corrections. He argues that the evidence was insufficient to support revocation. Relying on the specific language of § 17–27–114(1), C.R.S. (1986 Repl.Vol. 8A), he claims that because the notice of rejection was unverified, it was insufficient to support revocation. We disagree.

Section 17–27–114(1), provides in pertinent part:

> Where the administrator of a community correctional facility or any other appropriate supervising authority has cause to believe that an offender placed in a community correctional facility has violated any rule or condition of his placement in that facility ... the administrator or other authority *shall certify* to the appropriate judicial or executive authority the facts which are the basis for his belief.... (emphasis added)

In this case, the notice of rejection and bench warrant were executed by an "appropriate supervising authority," namely, the probation officer and her supervisor. Attached to the notice of rejection were three documents: a termination report from the community corrections facility stating the reasons for termination; the sheriff's offense report; and an executed copy of the community corrections' incident report.

Defendant would have us conclude that the words "shall certify" in the statute mandate that the notice be notarized or attested to. We find no basis in the statute to so conclude. Probation officers are officers of the court, § 16–11–208(2), C.R.S. (1986

Repl.Vol. 8A), and the trial court can rely on their statements.

We also reject defendant's contention that the prosecution had to prove beyond a reasonable doubt that he had escaped from community corrections before he could be resentenced.

Colo.Sess.Laws 1989, ch. 149, § 17–27–103(3) at 864, then in effect, provides in pertinent part:

> The corrections board has the authority to accept, reject, or reject after acceptance the placement of any offender in its community correctional facility or program pursuant to any contract or agreement with the department or a judicial district.

This section gives the community corrections facility discretion to reject the defendant before or after acceptance for any reason or no reason at all. *People v. Wilhite,* 817 P.2d 1017 (Colo.1991), *cert. denied,* 503 U.S. ——, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992).

The defendant was resentenced to the Department of Corrections not because he had escaped, but rather, because he was terminated from community corrections. *See* Colo.Sess.Laws 1989, ch. 149, § 17–27–114(2) at 864. Hence, the prosecution was not required to prove the elements of escape beyond a reasonable doubt, and the trial court followed all statutory procedures before revoking defendant's sentence to community corrections.

The order is affirmed.

TURSI and JONES, JJ., concur.